**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **WEST GAINES SEED, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **NATIONWIDE AGRIBUSINESS** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff, West Gaines Seed, Inc., files this Original Complaint and would show:

### PARTIES

1.      Plaintiff, West Gaines Seed, Inc. is a Texas Corporation with its principal place of business in Lubbock, Texas. The property that is the subject of this lawsuit is located in Seminole, Gaines County, Texas.

2.      Defendant, Nationwide Agribusiness Insurance Company ("Nationwide"), is an Iowa Corporation doing business in Texas, with its principal place of business located at 1100 Locust Street, Des Moines, IA 50391. It can be served with process through its agent for service of process, Corporation Service Company, 211 E. 7th St, Suite 620, Austin, TX 78701-3218.

### JURISDICTION AND VENUE

3.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Nationwide is a citizen of Iowa. West Gaines Seed is a citizen of Texas. An actual controversy exists which arises from damage to West Gaines Seed's real and personal property in Seminole, Texas. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the subject property is located in this Court's judicial district.

## FACTUAL BACKGROUND

5.      Plaintiff and Defendant entered into an insurance contract identified as Policy COP120931A (the "Policy"). The Policy covered, among other causes of loss, hail losses which occurred during the coverage period. On May 3, 2019, the Property located at 1375 US Highway 62/180 West, Seminole, Texas 79360 was insured under the Policy.

6.      On May 3, 2019, the Property was damaged due to a catastrophic hailstorm. Plaintiff timely reported the loss and the parties agreed to resolve the amount of loss via the contractual appraisal process. On September 22, 2020, Ryan Boswell with Nationwide sent a letter acknowledging receipt of the appraisal award dated August 24, 2020. In Nationwide's letter, it attempted to repudiate the appraisal award and expressed the unilateral opinion that amounts described in the award were pre-existing from prior to the Policy period.

7.      The errors included in Defendant's letter include, but are not limited to:

a.   Unlawful attempts to modify the appraisal award based upon alleged agreements with Plaintiff's public adjuster; and,

b.   Unlawful attempts to assert that damage occurred on June 4, 2014, without reference to the agreed scope of damage from the prior claim.

8.      On March 4, 2021, Plaintiff mailed to Defendant a demand letter pointing out the flaws in Defendant's methodology and demanding payment of the unpaid amounts for the appraisal award. The letter included an itemized list and an engineering report which showed that the amounts withheld by Nationwide were not for pre-existing damage.

## CAUSES OF ACTION

9.     **Breach of Contract.**   West Gaines Seed incorporates the allegations of paragraphs 5-8 the same as if fully set forth herein. West Gaines Seed and Nationwide entered into an insurance contract identified as the Policy. West Gaines Seed complied with all provisions of the insurance policy, including but not limited to payment of the premiums and timely notice of the loss. Nationwide breached a material provision of the contract by refusing to pay replacement cost and liquidated damages owed under the Policy after a Covered Cause of Loss and the issuance of a valid appraisal award. West Gaines Seed was damaged by Nationwide's breach.

10.     **Violations of the Texas Insurance Code.**     West Gaines Seed incorporates the allegations of paragraphs 5-8 the same as if fully set forth herein. Nationwide failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060. Specifically, Nationwide:

a.   Performed unfair methods of competition and unfair and deceptive acts or practices, including but not limited to:

1)   Making untrue statements of material fact, including statements about the amount of damage and coverage for damage;

2)   Failing to state material facts necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

3)   Making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

4)   Making a material misstatement of law; and

5)   Failing to disclose a matter required by law to be disclosed.

b.  Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c.  Failed to promptly provide West Gaines Seed a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim and refusal to pay amounts contained in the appraisal award;

d.  Failed within the deadlines required under Texas Insurance Code chapter 542 and the Policy to affirm coverage of the claim and to pay the claim; and

e.  Refused to pay the claim without conducting a reasonable investigation with respect to the claim.

11.     These Unfair Settlement Practices caused direct damages to West Gaines Seed, including the loss of Policy benefits and independent injuries, which would not have been incurred absent Nationwide's delays and misrepresentations. West Gaines Seed is entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code section 541.152.

12.     Further, Nationwide committed unfair settlement practices in violation of Texas Insurance Code chapter 542, running from the earliest of its violations, by:

a.  Failing to, within 15 days (or 30 days for a surplus-lines insurer) of notice of the claim, request from West Gaines Seed all items, statements, and forms that Defendant reasonably believed would be required, including a sworn proof of loss (542.055);

b.  Failing to pay liquidated damages due within 5 business days (or 20 business days for a surplus-lines insurer) of receipt of the information necessary to pay the claim (542.057) which occurred on August 24, 2020; and

c.  Failing to pay the claim in whole within 75 days (90 days for a surplus-lines insurer) after notice of the claim (542.058).

13.     Under Texas Insurance Code 542.060, West Gaines Seed is entitled to a 10.5% per annum penalty on the entirety of the amounts due under the Policy, starting at the earliest violation of chapter 542 and running until the date of judgment, as well as its attorney's fees and court costs.

## ATTORNEY'S FEES

14.     **Attorney's Fees.**  As a result of Nationwide's failure to pay the amounts due and owing under the policy, West Gaines Seed retained the undersigned counsel. West Gaines Seed agreed to pay the undersigned counsel a reasonable fee. West Gaines Seed is entitled to recover reasonable and necessary attorney's fees incurred in the prosecution of this action under Texas Civil Practice & Remedies Code chapter 38 and Texas Insurance Code sections 541.152 and 542.060.

## JURY DEMAND

15.     **Jury Demand.** West Gaines Seed demands a jury.

## PRAYER

16.     West Gaines Seed prays that Nationwide be cited to appear and answer herein and upon hearing that West Gaines Seed recover judgment against Nationwide for the following:

a.     Actual damages;

b.     Attorney's fees for services rendered and that are allowed by law;

c.     Post-judgment interest and costs;

d.     Treble damages and exemplary damages as allowed by law;

e.     Penalties and interest as allowed by law; and

f.     All other relief to which Plaintiff may show itself entitled in law or in equity.

Respectfully Submitted,

/s/ Benjamin D. Doyle
BENJAMIN D. DOYLE
State Bar No.: 24080865
**STOCKARD, JOHNSTON**
**BROWN & NETARDUS, P.C.**
P.O. Box 3280
Amarillo, Texas 79116-3280
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com
**ATTORNEYS FOR PLAINTIFF**